THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
RONALD GEORGE McCLELLAN, Defendant-Appellant.

Fourth District   No. 13281

Opinion filed March 17, 1977.

Richard J. Wilson and Edward R. Green, both of State Appellate Defender's Office, of Springfield, for appellant.

James R. Burgess, Jr., State's Attorney, of Urbana (Thomas L. Knight, Assistant State's Attorney, and Ruth Wilcox and Paul Bloomer, law students, of counsel), for the People.

Mr. JUSTICE MILLS delivered the opinion of the court:

A jury convicted the defendant of armed robbery, aggravated kidnapping and attempt murder, and he received three concurrent terms of 25 to 75 years imprisonment. He raises four issues on appeal: (1) whether his sanity was proved beyond a reasonable doubt; (2) whether he was denied a fair and impartial trial because of improper statements in the prosecutor's closing argument; (3) whether the State failed to prove venue beyond a reasonable doubt; and (4) whether the court erred in entering judgment on both the aggravated kidnapping and attempt murder convictions.

McClellan was charged by indictment in Champaign County with the three offenses of which he was convicted. The evidence at trial showed that he had entered a cab in Champaign, Illinois, and asked to be driven to Rantoul, some 16 miles north. On the way, McClellan held a knife to the cab driver and demanded his money. The cabbie handed it over. Defendant then demanded to be driven to Chicago and he was. During the journey he cut a seat cover into strips and when they reached Chicago, McClellan used the strips to tie up the cab driver. Defendant then struck the driver in the stomach with the knife and the driver lost consciousness.

At trial, the defense was insanity. His mother testified that defendant has been been treated for epilepsy and was given electric shock treatments when he was nine years old. From about nine to 11 years he was in a home for children, then returned home but was soon sent to St. Charles Training School for Boys and later to the Sheridan Industrial School. Since then defendant has spent nearly all of his time in various penal institutions, where he has been involved in numerous fights. A psychologist testified for the defense at trial that defendant was suffering from a severe personality disorder and, because of this, lacked the capacity to appreciate the criminality of his conduct or to conform his conduct with the requirements of the law.

McClellan argues on appeal that the question of his sanity was put into issue and that the State did not sustain its burden of proving defendant sane beyond a reasonable doubt. He argues that the testimony of the State's rebuttal witness, Dr. Kiersch, was insufficient. The argument is based on the testimony given by Dr. Kiersch in answer to a hypothetical question, which contained only a description of defendant's acts during the trip to Chicago and not the background facts otherwise testified to, that such a person was not legally insane. Whether or not this, in itself,

would be sufficient to prove defendant's sanity beyond a reasonable doubt is not a question we need answer in the context of this case. Dr. Kiersch also testified that he had studied the history of defendant and had examined him. Based on these factors he did not believe defendant to be legally insane.

■■ Expert testimony is not the only means the jury has of determining defendant's sanity. In *People v. Elliott* (1975), 32 Ill. App. 3d 654, 336 N.E.2d 146, the court noted other factors which are important. One is that the jury had the opportunity to hear and see defendant testify. In the case at bar in addition to his testimony McClellan made numerous outbursts and the jury had the opportunity to evaluate these. Another point noted by the court in *Elliott* is the planning done by defendant. Here McClellan had prepared the strips he used in tieing the driver well in advance of the act. He also attempted to conceal the fact that he had attacked the driver when he was initially questioned by the police. The jury could consider this evidence.

Perhaps most importantly, defendant's own psychologist testified that McClellan's disorder is classified as "anti-social personality." Section 6—2(b) of the Criminal Code (Ill. Rev. Stat. 1975, ch. 38, par. 6—2(b)) specifically excludes an abnormality manifested only by repeated criminal or otherwise antisocial conduct from the definition of mental disease or defect which relieves a defendant of responsibility for his acts.

■■ It is a catholic legal precept that a reviewing court may not disturb the jury's finding unless it is so manifestly against the weight of the evidence as to indicate that the verdict was based on passion or prejudice. (*People v. Ford* (1968), 39 Ill. 2d 318, 235 N.E.2d 576.) Such evidence does not exist here.

■■ Defendant next contends that improper remarks of the prosecutor deprived him of a fair trial. We note first that McClellan's counsel objected only once; his objection was sustained and the jury instructed to disregard the comments. Generally, a defendant cannot complain of argument which was not objected to at trial. (*People v. Weller* (1970), 123 Ill. App. 2d 421, 258 N.E.2d 806.) Considering the remarks in context and in relation to defendant's closing argument, we do not find that the argument was so prejudicial as to be plain error.

Now, the third issue. The indictment which was brought in Champaign County, alleged that McClellan committed attempt murder by stabbing the cab driver within Champaign County. The evidence uncontestably shows that the stabbing took place in Cook County. Defendant therefore argues that the State failed to prove a material averment of the indictment.

■■ The charge that the crime was committed in a particular county is

a material averment and must be proved beyond a reasonable doubt to sustain a conviction. (*People v. Ruiz* (1967), 82 Ill. App. 2d 184, 226 N.E.2d 438, *cert. denied*, 392 U.S. 916.) The State argues that the defendant has waived the issue by not raising it before trial. Improper venue must be raised before trial or the issue is waived. (Ill. Rev. Stat. 1973, ch. 38, par. 1—6(a).) The State argues that since McClellan knew, at least through discovery from the State, where the crime was alleged to have been committed, his failure to act waived the issue.

■■ But the State mistakes defendant's argument. As defendant states, there is no question of improper venue. Defendant has a constitutional right to trial in the county in which the offense is alleged to have been committed. (Ill. Const. 1970, art. 1, § 8.) The indictment alleges that the offense occurred in Champaign County and trial was properly had there. There was no defect in the indictment. The problem here is a failure of proof.

■■ The State's argument can be phrased this way: Defendant has an obligation to raise, before trial, an objection to venue based on his belief that the State will be unable to prove venue as alleged. Merely to make the statement is to refute it. McClellan pleaded not guilty and is presumed to be innocent. He cannot be burdened with such an obligation. Accordingly, the judgment and sentence for attempt murder must be reversed. Because of this disposition, the fourth issue on the propriety of multiple convictions is moot.

The judgments of conviction for armed robbery and aggravated kidnapping are affirmed. The judgment of conviction for attempt murder is reversed, and this cause is remanded to the trial court for the issuance of an amended mittimus.

*Affirmed in part; reversed in part and remanded with directions.*

CRAVEN, P. J., and REARDON, J., concur.