THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* HENRY B. POINTER, Defendant-Appellant.

First District (4th Division)     No. 80-99

Opinion filed February 19, 1981.—Rehearing denied March 25, 1981.

James J. Doherty, Public Defender, of Chicago (Emily Eisner and Aaron L. Meyers, Assistant Public Defenders, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Marcia B. Orr and Mary Ellen Dienes, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE JIGANTI delivered the opinion of the court:

Following a jury trial in the circuit court of Cook County, the defendant, Henry Pointer, was convicted of indecent liberties with a child. (Ill. Rev. Stat. 1977, ch. 38, par. 11—4(a)(3).) The defendant appeals his conviction, alleging that the court erred in admitting into evidence testimony of prior consistent statements of the complaining witness, evidence of a gun that was found in the defendant's possession when he was arrested, and evidence of the prior rape conviction of the defendant.

The 13-year-old complainant testified that at about 9:30 p.m., she was

rolling her hair in the bathroom when the defendant walked in the open door. The defendant sometimes resided in her house and is the father of one of her brothers but is not her father. The complainant was wearing a nightgown and a housecoat. The defendant grabbed her. She bit him but failed to get loose. The defendant dragged the complainant into her bedroom where the indecent liberties occurred. The incident took about 10 minutes. The complainant hit the defendant during the incident. When the defendant left the complainant, she went to Brenda Clark's apartment which was a few doors down the street.

Brenda Clark testified that the complainant came to her house and was crying. When asked why she was crying, the complainant continued crying and did not respond. After failing to receive a response, Clark went to get her neighbor, Sandra Cox. The two women succeeded in calming the complainant after about five or seven minutes. Over objection, both Clark and Cox testified as to what the complainant said about what had occurred with the defendant. The statements of the complainant as testified to by Clark and Cox were consistent with the complainant's testimony in court.

The defendant testified that he arrived at the complainant's house at about 8:30 or 9 o'clock that evening. The complainant was not at home at that time nor was she at home anytime that evening. He did not see the complainant until the next day. The defendant testified that he went to bed because he had to get up early the next morning in order to go to work. He was unable to sleep and got up to go to the bathroom. On the way back to bed he went into the complainant's bedroom and turned on a tape recorder which was on the complainant's bed. After about 30 minutes the complainant's mother came in and cut the defendant on the arm with a butcher knife. The mother stated that she would shoot him if she had a gun. The defendant realized that he had a gun which he kept under the mother's bed. He put the gun in his pocket and walked to her brother's house. From her brother's house the defendant was able to see police cars at the complainant's house. He returned to the complainant's house after the police were gone and was told to stay until the police returned. He was arrested when the police returned.

Two rules, one exclusionary and the other not, bear on the admissibility of the in-court testimony of Clark and Cox concerning the statements the complainant made to them shortly after the incident in the bedroom. The complainant's statements to Clark and Cox were consistent with the complainant's in-court testimony. The exclusionary rule asserted by the defendant provides that a witness cannot ordinarily have his in-court testimony corroborated or bolstered by testimony that on a prior occasion he made a consistent statement out of court. (*Stolp v. Blair* (1873), 68 Ill. 541; *People v. Clark* (1972), 52 Ill. 2d 374, 288 N.E.2d 363;

*People v. Rogers* (1980), 81 Ill. 2d 571, 411 N.E.2d 223; Annot., 75 A.L.R.2d 909, 916 (1961); contra, *State v. Netcliff* (1972), 14 N.C. App. 100, 187 S.E.2d 450.) The State asserts that the spontaneous declarations or excited utterances exception to the hearsay rule permits such out-of-court statements under certain limited circumstances. *People v. Poland* (1961), 22 Ill. 2d 175, 174 N.E.2d 804.

The rule that excludes in-court testimony of a witness' out-of-court statements is of fairly recent origin. Under the early common law, prior consistent statements were admitted without limitation on the theory that there is real corroborative support in such evidence. (4 Wigmore, Evidence §1123, at 254-55 (3d ed. 1972); 81 Am. Jur. 2d *Witnesses* §641 (1976).) Since then, the following rationales have been stated for excluding such testimony: these statements are self-serving and make a witness' credibility depend upon the number of times he has repeated the same story rather than upon the truth of the story itself (81 Am. Jur. 2d *Witnesses* §643 (1976)); such statements do not aid the witness because an improbable or untrustworthy story is not made more probable or trustworthy by the number of times it is repeated (4 Wigmore, Evidence §1124, at 255 (3d ed. 1972); such testimony is utterly incompetent (Annot., 75 A.L.R.2d 909, 915-16 (1961)); and such testimony is untrustworthy because it is not given under oath. *United States v. Sherman* (2d Cir. 1948), 171 F.2d 619, 622.

There are several exceptions to the rule that excludes testimony of prior consistent out-of-court statements. Such evidence would be admitted to rebut an allegation of recent fabrication or a charge that the witness is motivated to testify falsely. (*People v. Rogers* (1980), 81 Ill. 2d 571, 578, 411 N.E.2d 223, 227; see Fed. R. Evid. 801(d)(1)(B).) In rape cases testimony will be permitted only as to the fact that the complainant alleged she was raped but not as to the details. (*People v. Damen* (1963), 28 Ill. 2d 464, 193 N.E.2d 25; see McCormick, Evidence §298, at 709 (2d ed. 1972).) Special rules apply to testimony concerning prior consistent out-of-court identifications. A witness will be allowed to testify that on a prior occasion either that witness or someone else present in court made an out-of-court identification of the defendant. *Rogers*, 81 Ill. App. 3d 571, 579, 411 N.E.2d 223, 227; see Fed. R. Evid. 801(d)(1)(C).

The rule concerning rape cases is only applicable to complaints for rape and not to other sex offenses such as the charge of indecent liberties. *People v. Romano* (1923), 306 Ill. 502, 138 N.E. 169; however, see McCormick, Evidence §298, at 709 (2d ed. 1972).

The State argues, however, that the testimony of Clark and Cox as to the complainant's statements is admissible because those statements constituted spontaneous declarations or excited utterances.

■■ The spontaneous declarations or excited utterance exception to the

hearsay rule permits testimony of prior out-of-court statements on the premise that the excitement caused by the event or condition temporarily stills the capacity for reflection, thus producing statements free of conscious fabrication. (*People v. Damen* (1963), 28 Ill. 2d 464, 193 N.E.2d 25; E. Cleary and M. Graham, Handbook of Illinois Evidence §803.3, at 426 (3d ed. 1979).) Because of the lack of time to reflect and fabricate, these statements are believed to have special reliability. (*Damen*; McCormick, Evidence §297, at 704 (2d ed. 1972).) The person who made the statement need not be available at trial. *People v. Poland* (1961), 22 Ill. 2d 175, 174 N.E.2d 804.

The State relies on *People v. Damen* in arguing that the complainant's statements to Clark and Cox were properly admitted as spontaneous declarations. In *Damen*, a police officer testified that the complainant told him her husband had stabbed her. This statement was consistent with the complainant's trial testimony. The defendant argued that this prior consistent statement was hearsay while the State contended that the statement was admissible as a spontaneous declaration. The court found that the evidence was properly admissible as a spontaneous declaration.

The defendant argues that *Damen* is no longer viable in light of the more recent decision in *People v. Clark* (1972), 52 Ill. 2d 374, 288 N.E.2d 363. There, the defense witness provided an alibi by testifying that the defendant was at her house at the time of the murder. Over the defendant's objection, the trial court excluded the witness' further testimony that she had made the same statement three weeks after the murder when the police searched her house. The Illinois Supreme Court said that the trial court properly excluded this evidence and that the parties were in error in arguing the issue on grounds that it fell within or without the spontaneous declaration exception to the hearsay rule. The court said that the hearsay rule was not in issue because there was an opportunity for cross-examination of the declarant. The court applied the traditional rule which excludes prior consistent out-of-court statements for the purpose of corroborating or bolstering the testimony of a witness at trial.

The defendant here argues that *Damen* and *Clark* are in conflict because under similar circumstances the witness in *Damen* was allowed to testify about a prior consistent statement whereas the witness in *Clark* was precluded from doing so. Because *Clark* is more recent, the defendant asserts that its exclusionary rationale should control. Further, the defendant contends that the essential rationale of the rule that prohibits corroboration or bolstering is that a party may not get the same information before the jury twice.

All relevant evidence is admissible unless there is some distinct ground for refusing to receive it. (*People ex rel. Noren v. Dempsey* (1957), 10 Ill. 2d 288, 139 N.E.2d 780; E. Cleary and M. Graham,

Handbook of Illinois Evidence §401.1, at 96 (3d ed. 1979); McCormick, Evidence §184, at 433 (2d ed. 1972); Fed. R. Evid. 402.) Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." *People v. Monroe* (1977), 66 Ill. 2d 317, 322, 362 N.E.2d 295, 297.

■■ We believe that the testimony of Clark and Cox is relevant and that there is no distinct ground for refusing to receive it. It is relevant because the complainant's statement, made without time to fabricate, reflect or invent, has the tendency to make the existence of the fact of the indecent liberties more or less probable depending upon how the trier of fact evaluates that testimony.

The asserted grounds for excluding the testimony is the rule that prevents bolstering or corroborating a witness' testimony by the receipt of prior consistent out-of-court statements. For two related reasons we do not believe the rule is applicable here. The most significant rationale for exclusion is that the witness' credibility would depend upon the number of times the statement had been repeated rather than upon the truth of the statement itself. That rationale has little validity where, as here, the statement constitutes an excited utterance. Because the statement was made under circumstances in which there was no time to reflect or fabricate, it has additional reliability and is therefore not merely corroborative of the complainant's trial testimony.

The second reason for admitting this testimony is that spontaneous declarations or excited utterances have been accepted as part of the law of evidence. (*People v. Poland* (1961), 22 Ill. 2d 175, 174 N.E.2d 804.) To exclude those excited utterances which fall within the no bolstering or corroborating rule would significantly diminish that acceptance for no apparent reason. Spontaneous declarations or excited utterances are considered to have sufficient reliability so as to admit testimony of these statements even where the declarant is not a party to the proceeding or not in court. To the extent that these statements are not considered hearsay because the witnesses who heard them and the declarant are all in court, there is even less reason to exclude these statements. We therefore believe that the testimony of Clark and Cox was properly admitted into evidence.

The defendant asserts that they should nevertheless be excluded because a party should not be allowed to present to the jury the same evidence twice. We do not agree with this contention. None of the rationales for excluding corroborative statements lend support to that idea. More importantly, as previously discussed, the statements here have independent relevance because they were made without time for reflection or fabrication.

■■ The defendant next contends that it was error for the court to admit into evidence the gun that was found in the defendant's possession when he was arrested. We agree that this constituted error. The general rule is that evidence of offenses other than those for which the defendant is being tried are inadmissible. (*People v. Romero* (1977), 66 Ill. 2d 325, 362 N.E.2d 288.) The People contend that a gun may be admitted into evidence even where there is no testimony that the defendant used or threatened to use the gun. They cite *People v. Peto* (1967), 38 Ill. 2d 45, 230 N.E.2d 236, to support this contention. In *Peto*, the court found that a gun found in a car along with a flashlight, a screwdriver and a bar for a hydraulic jack was a burglary tool. The court found that those items along with the gun were properly received into evidence because they were articles suitable for use in a burglary. In the instant case we see no connection between the gun found in the defendant's possession and the offense of indecent liberties.

The defendant claims that this error requires the reversal of his conviction. We disagree, because we believe that admission of the gun had little or no impact upon the jury. Although this may be argued as constituting evidence of another crime, the mere possession of a gun does not carry the same weight as a burglary or other such crime. In considering the effect on the jury, we must consider all of the evidence before the jury. The defendant explained that he kept the gun under his bed and that he only removed the gun after the complainant's mother stated that she would use a gun if she had one. This certainly diminishes any suggestion of another crime that would prejudice the jury toward the defendant.

■■ The defendant further contends that the court erred in permitting him to be impeached with his prior rape conviction. The defendant had been convicted of rape in 1970 and had been released from the penitentiary in 1973. The trial in this cause took place in November of 1979. In *People v. Montgomery* (1971), 47 Ill. 2d 510, 268 N.E.2d 695, the Illinois Supreme Court held that Rule 609, then proposed by the Committee on Rules of Practice and Procedure of the Judicial Conference of the United States, should be followed in Illinois. The rule in substance provided that the trial judge should determine if the probative value of the evidence of prior crimes substantially outweighed the danger of unfair prejudice. Evidence of a prior conviction is not admissible if more than 10 years have elapsed from the date of the conviction or the date of the defendant's release from confinement, whichever is later. Discretion comes into play only when the conviction is within the 10-year period. In exercising the discretion vested in the court, the court should consider "* * * the nature of the crime, nearness or remoteness, the subsequent career of the person, and whether

the crime was similar to the one charged." (*Montgomery*, 47 Ill. 2d 510, 518, 268 N.E.2d 695, 700.) The defendant argues that the conviction of rape does not bear on testimonial deception and is not probative of the defendant's honesty, that the conviction is nine years old, that there has been no subsequent involvement with the criminal justice system and that the prior conviction is similar to the offense with which he is presently charged. We do not believe that we should interfere with the court's discretion. The conviction was within the 10-year period and within six years of the defendant's release from prison. A limiting instruction was given to the jury.

For the foregoing reasons, the judgment of the circuit court is affirmed.

Affirmed.

ROMITI, P. J., and LINN, J., concur.