THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
ERNEST MOSES NIX, Defendant-Appellant.

Third District   No. 3—84—0512

Opinion filed June 12, 1985.—Rehearing denied July 17, 1985.

Robert Agostinelli, of State Appellate Defender's Office, of Ottawa, for appellant.

Neil F. Hartigan, Attorney General, of Springfield (Dennis Porter, Assistant Attorney General, of Chicago, and John X. Breslin and Rita Kennedy Mertel, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE SCOTT delivered the opinion of the court:

The defendant, Ernest Moses Nix, was charged by information with the offenses of attempt (murder), two counts of armed violence, and three counts of aggravated battery. The charges stemmed from an assault upon Raymond Kimbell, the Knox County State's Attorney. The defendant was subsequently convicted of attempt (murder) and two counts of armed violence following a bench trial. The trial court imposed concurrent nine-year terms of imprisonment on each conviction.

The defendant is represented on appeal by the Office of the State Appellate Defender. Through counsel, the defendant appeals from his convictions of armed violence and challenges the propriety of the imposed sentences. The defendant has filed a supplementary brief *pro se* in which he appeals from his convictions. We affirm in part and vacate in part.

At trial, the victim testified that he was walking toward the Knox College gym when he was approached by the defendant. The defendant told Kimbell that he wanted to talk to him, but Kimbell indicated that he had nothing to say to the defendant. Kimbell had recently prosecuted the defendant's son, and there was to be a hearing on that matter later that afternoon. The defendant then drew a gun from his coat pocket, and, as Kimbell walked toward the defendant with his hands raised, fired two shots. When Kimbell attempted to disarm the defendant, both men fell, with Kimbell holding the defendant's gun hand on the ground. The defendant stated that he was going to kill Kimbell for framing his son, and during the struggle the gun discharged again. When the defendant told Kimbell that he would let Kimbell go, Kimbell released the defendant. As the two men stepped apart, the defendant raised the gun, pointed it at Kimbell, and pulled the trigger. The gun, however, did not discharge and the defendant shook his head and walked away. During the altercation with the defendant, Kimbell suffered a gunshot wound in his right hand.

The defendant testified that the shooting was accidental. According to the defendant, he stumbled backwards during the confrontation with Kimbell and Kimbell tripped, falling on top of him. The defendant removed the gun from his pocket after he fell because he was afraid that it might discharge. When Kimbell seized his arm during the struggle, the gun discharged, injuring Kimbell's right hand. The defendant denied that he fired the gun before the two men struggled on the ground.

The trial court found the defendant guilty of attempt (murder) and two counts of armed violence. The State had previously moved to nol-pros the counts of the information charging the defendant with aggravated battery. After denying the defendant's motion for a new trial, the court sentenced the defendant to three concurrent nine-year terms of imprisonment. The defendant then filed the instant appeal.

■ We initially address the issues raised by the defendant through counsel pertaining to the convictions of armed violence and the defendant's sentences. The defendant first argues that his armed-violence conviction under count III should be reversed because the presence of a dangerous weapon was used to doubly enhance the charge. According to the defendant, the use of a weapon served to enhance the offense first to aggravated battery and then again to armed violence. The defendant relies on *People v. Haron* (1981), 85 Ill. 2d 261, 422 N.E.2d 627, wherein the court held that the presence of a weapon could not be used to enhance an underlying offense and then serve as the predicate offense for a charge of armed violence. The standard of

*Haron* applies whether the underlying offense is enhanced from a misdemeanor to a felony or from a lesser felony to a greater felony. *People v. Del Percio* (1985), 105 Ill. 2d 372, 475 N.E.2d 528.

In *People v. Owens* (1982), 109 Ill. App. 3d 1150, 441 N.E.2d 908, the defendant was convicted of armed violence based on aggravated battery causing great bodily harm. The *Owens* court found that no *Haron* violation occurred because a dangerous weapon was not necessary to establish the predicate offense as a felony.

In the case at bar, the predicate offense of aggravated battery charged that the defendant caused great bodily harm to Raymond Kimbell by shooting him in the hand with a handgun. The instant armed-violence charge stated that the defendant, while armed with a dangerous weapon, committed aggravated battery in that he caused great bodily harm to the victim by shooting him in the hand.

We find in the instant case that the presence of a weapon was not used to doubly enhance the charges against the defendant. The charge of battery was enhanced to aggravated battery because the victim suffered great bodily harm, and the aggravated battery charge was enhanced to armed violence because the defendant was armed with a weapon. The weapon, therefore, was only used once for enhancement purposes.

■ The defendant also argues that his armed-violence conviction should be reversed because the legislature did not intend that the armed-violence statute be applied where the predicate felony contains its own enhancement provisions. The defendant bases this assertion on *Busic v. United States* (1980), 446 U.S. 398, 64 L. Ed. 2d 381, 100 S. Ct. 1747.

The *Busic* case is not applicable to the case at bar. In *Busic*, the use of a firearm was an element included in the predicate felony. The enhanced offense also had as an element that a firearm was used. This inherent double enhancement distinguishes *Busic* from the case before us.

We further note that there is no legislative history from which we might extrapolate the legislature's intent as to double enhancement. We, consequently, decline to interpret the armed-violence statute in a way which would obviate the use of any enhanced felony as a predicate felony. The defendant's conviction of armed violence under count III does not, therefore, constitute double enhancement.

■ We note, however, that the defendant's counsel on appeal has raised an additional issue related to the conviction for armed violence. Counsel contends that one of the defendant's two convictions for armed violence must be vacated because both offenses were carved

from the same physical act. The State acknowledges that one conviction for armed violence must be vacated.

It is well established that it is improper to carve multiple convictions from a single physical act. (*People v. King* (1977), 66 Ill. 2d 551, 363 N.E.2d 838.) In the case at bar, the armed-violence conviction under count II was based on the defendant's committing an aggravated battery by shooting Kimbell in the hand while on a public way. (Ill. Rev. Stat. 1983, ch. 38, pars. 33A—2, 12—4(b)(8).) The armed-violence conviction under count III was based on the defendant's committing an aggravated battery by shooting Kimbell in the hand, thereby causing great bodily harm. Ill. Rev. Stat. 1983, ch. 38, pars. 33A—2, 12—4(a).

We find that only one conviction of armed violence was proper on the instant facts. Both counts involved the identical shooting of the same victim in the same hand. Once the victim was shot, both offenses were completed, thereby making both offenses arise from the same physical act. We note that the armed-violence conviction under count II contains an additional aggravating element of being on a public way which increases the seriousness of the offense. The defendant's conviction of armed violence under count III is, therefore, vacated.

■ We do not, however, remand the cause for resentencing on the attempt (murder) conviction and the armed-violence conviction under count II. As we stated in *People v. Mitchell* (1981), 98 Ill. App. 3d 398, 424 N.E.2d 658, remandment for resentencing is not required when the trial court sentences the defendant separately on each count and there is no indication in the record that the court improperly considered the vacated conviction. The instant court sentenced the defendant separately on each count, imposing three concurrent terms of nine years' imprisonment. The record does not indicate any improper consideration of the vacated conviction by the trial court.

■ The final issue raised by the defendant through counsel is that the trial court abused its discretion in imposing sentence. Specifically, the defendant contends that the court failed to give proper consideration to the factors in mitigation which included the defendant's poor health and lack of any serious prior criminal history. The defendant requests that his sentence be reduced to a minimum term of six years.

It is well settled that the balance struck by the trial court in weighing the factors in aggravation and mitigation should not be disturbed if supported by the record. (*People v. Lewis* (1980), 89 Ill. App. 3d 15, 410 N.E.2d 1047.) In the instant case, the trial court considered all of the statutory factors in mitigation and aggravation. (Ill. Rev. Stat. 1983, ch. 38, pars. 1005—5—3.1, 1005—5—3.2.) The court found two aggravating factors to be applicable, that the defendant's conduct

caused or threatened serious harm and that a sentence was necessary to deter others from the same conduct. The mitigating factor of the defendant's health was carefully reviewed by the court.

We find in the instant case that the mitigating factors of lack of serious criminal history and the defendant's health problems were outweighed by the factors in aggravation. The trial court properly balanced the various factors and the record supports the court's judgment. We further note that defense counsel at sentencing requested a term of six years' imprisonment, and the State requested a 25-year term of imprisonment. The sentence imposed was clearly not an abuse of the court's discretion.

■ We now address the issues raised by the defendant in his *pro se* brief. The defendant first contends that the State failed to establish his guilt beyond a reasonable doubt.

A court of review will not set aside a finding of guilty unless the evidence is so palpably contrary to the finding or so improbable or unsatisfactory as to cause reasonable doubt as to the guilt of the accused. (*People v. Woods* (1980), 81 Ill. 2d 537, 410 N.E.2d 866.) In the instant case, the testimony of the victim clearly established that the defendant committed the charged offenses. Another witness, Reverend Noble Davis, testified that the defendant came to his residence on the day of the offense and told him that he had shot the State's Attorney. Testimony concerning the firearm established that three bullets were fired and that two bullets bore hammer marks but were not discharged. After a careful examination of the record, we find, therefore, that the evidence established the defendant's guilt of attempt (murder) and armed violence beyond a reasonable doubt.

■ The defendant next asserts that the trial court abused its discretion when it denied a defense motion to introduce expert testimony relating to the effect of stress upon the victim. The defendant sought to introduce evidence regarding the victim's ability to perceive the details of the assault.

The credibility of witnesses in criminal proceedings is strictly within the competence of the fact finder. (*People v. Ellis* (1978), 74 Ill. 2d 489, 384 N.E.2d 331.) Expert testimony regarding the credibility of witnesses is properly excluded if the expert's opinion does not present a concept beyond the common and ordinary understanding of the trier of fact. *People v. Slago* (1978), 58 Ill. App. 3d 1009, 374 N.E.2d 1270.

We find in the instant case that the trial court properly excluded the expert testimony offered by the defendant. The fact that people in stressful situations sometimes have trouble recalling details is well within the comprehension of the trier of fact. Clearly, the trial court's

determination that the expert's testimony was inadmissible was not an abuse of discretion.

■ The next issue presented by the defendant is whether the trial court erred in limiting the cross-examination of the victim.

It is well accepted that the manner and scope of cross-examination is within the sound discretion of the trial court and, absent an abuse of discretion, a court of review will not alter the trial judge's decision. (*People v. Agee* (1980), 85 Ill. App. 3d 74, 405 N.E.2d 1245.) An examination of the instant record clearly indicates that defense counsel was given wide latitude in conducting his cross-examination of the victim. We find, therefore, that the trial court did not abuse its discretion in limiting the cross-examination of the victim.

■ The defendant next contends that the trial court made an improper finding as to the entrance and exit wounds of the victim. Specifically, the defendant argues that the trial court's determination was made without benefit of expert testimony.

We find that sufficient evidence was introduced to support the court's finding that the bullet entered through the back of the victim's hand and exited through the palm. In addition to the trial judge's observation of the courtroom demonstrations and the photographs entered into evidence, the victim's testimony clearly established the entrance and exit wounds. Although the hospital report was not admitted into evidence, the evidence introduced at trial clearly supported the trial judge's finding.

■ The defendant's final contention on appeal is that reversible error occurred when the trial court refused to admit defense exhibits.

An examination of the record indicates that the only defense exhibit which was refused was a police report. It is well accepted that police reports are inadmissible hearsay. (*People v. Marselle* (1974), 20 Ill. App. 3d 1012, 314 N.E.2d 21.) We find in the case at bar that the trial court properly refused to admit the hearsay report. No reversible error, therefore, was committed by the trial court.

The judgment of the circuit court of Knox County is vacated as to the conviction and sentence for armed violence under count III; in all other respects, the judgment is affirmed.

Affirmed in part; vacated in part.

STOUDER and BARRY, JJ., concur.