THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
DAVID HUGHES, Defendant-Appellant.

First District (3rd Division)   No. 86—0037

Opinion filed March 30, 1988.

Steven Clark and Paul Alexander Rogers, both of State Appellate Defender's Office, of Chicago, for appellant.

Richard M. Daley, State's Attorney, of Chicago (Thomas V. Gainer, Jr., and Kathleen A. Bom, Assistant State's Attorneys, of counsel), for the People.

PRESIDING JUSTICE WHITE delivered the opinion of the court:

Defendant David Hughes appeals convictions of forgery and theft and the concurrent four-year prison sentences imposed thereon. He contends that the trial court erred in refusing to submit to prospective jurors a questionnaire which referred to attitudes on burden of proof; that the court admitted irrelevant and prejudicial evidence; and that the court allowed improper impeachment of a defense witness.

Two employees of Sears, Roebuck and Company, Tommie L. Davis and Willie C. Harris, testified that they never received paychecks which should have been issued to them on February 17, 1984. They said that they had neither endorsed nor authorized anyone else to endorse or cash the checks.

Rose Brown, a Sears cashier, testified that on February 15, 1984, defendant presented Davis' check to her, already endorsed, and that she cashed it. Shortly thereafter, she was informed by her supervisor that the check she cashed for defendant was one of two that had been reported to be missing. On February 17, Brown saw defendant go to an adjacent cashier's window and attempt to cash another payroll check. The cashier at that window identified the check as the other missing item and alerted her supervisor. A Sears security officer was called; he escorted defendant to the store security office.

The security officer testified that he asked defendant for identification and that he recognized in defendant's wallet a picture of Rosalind Holt, an employee in Sears' auditing department. Holt was called to the security office, where she and defendant were arrested by the Chicago police department. A police department handwriting expert testified that she believed that defendant had signed the names of Davis and Harris on the checks.

Antonio Oats was the sole witness for the defense. He testified that he and defendant were friends and that he had been a passenger in a car driven by defendant on February 17, 1984. He said that

while they were in the vicinity of the Sears store, defendant saw someone on the street who owed him money. Oats did not recognize the man. Oats said that defendant pulled the car over to the curb, that defendant conversed with the man, and that the man handed defendant an envelope. Oats testified that he saw defendant open the envelope and that he saw inside the envelope a check that was already endorsed. Oats said that he then left defendant's car. On cross-examination, the prosecution asked Oats if he were the subject of another matter currently pending in the building and if that matter was being prosecuted by the State's Attorney's office. Oats answered both question affirmatively. During closing argument, the prosecution referred to Oats as a "pending felon."

The jury found defendant guilty of two counts of forgery and one count of theft. The trial court sentenced defendant to two concurrent four-year prison terms, one based on the verdict on the February 17 forgery and one based on the theft verdict.

■ Before *voir dire* of the jury began, the defense asked the trial court to submit a questionnaire to the prospective jurors. The court refused and instead questioned the assembled venire orally. Defendant claims that this oral interrogation failed to ask about the jurors' ability to return a not guilty verdict if the prosecution failed to meet its burden of proof. In *People v. Zehr* (1984), 103 Ill. 2d 472, 469 N.E.2d 1062, the supreme court held that failure to inquire into this area was prejudicial error; citing *Zehr*, defendant argues that his convictions must be reversed. Unlike the trial court in *Zehr*, however, the court in the instant case did address the issue during *voir dire*. The court told the venire that "if the jury does not become convinced beyond a reasonable doubt as to the guilt of the defendant, it will be the duty of the jury to find the defendant not guilty." Shortly afterward, the court asked the venire, "You understand that the defendant must be proven guilty beyond a reasonable doubt. Does anyone have any problem with that fundamental principle? Anyone?" The record shows no response from the prospective jurors.

In *People v. Emerson* (1987), 122 Ill. 2d 411, the supreme court stated that *Zehr* "did not attempt to prescribe a precise formula for trial judges to use in ascertaining jurors' prejudices or attitudes." (122 Ill. 2d at 426-27.) The court held that the purpose expressed in *Zehr* was satisfied by an admonition and discussion of the presumption of innocence, much like that used by the trial court in the instant case. (122 Ill. 2d at 427.) In *People v. Leamons* (1984), 127 Ill. App. 3d 1056, 1065-66, 469 N.E.2d 1137, this court, in upholding

another similar *voir dire* examination, observed that *"Zehr* specifically indicated that the exact questions which were at issue in that case need not be asked, but rather the subject matter should be probed during *voir dire."* (See *Zehr,* 103 Ill. 2d at 477.) We believe that the trial court's questions in the case at bar clearly meet the requirements established by *Zehr* and its progeny. Accordingly, we reject defendant's contention that the trial court's refusal to submit his questionnaire constitutes reversible error.

■ Defendant also argues that the trial court erred in admitting testimony that he carried in his wallet a picture of Rosalind Holt, a Sears auditing department employee. He contends that the evidence raised the inference that Holt had access to the checks and passed them to him. In our view, the very inference which makes this evidence troubling to defendant makes it admissible. All relevant evidence is admissible unless there is some distinct ground for refusing to receive it; evidence is relevant if it makes the existence of any consequential fact more or less probable. *(People v. Pointer* (1981), 93 Ill. App. 3d 1064, 1068-69, 418 N.E.2d 1.) Defendant's acquaintance with a Sears auditing department employee does not prove that he committed the crimes charged, but it clearly makes it more probable that he could acquire the checks without the authority of the payees and is thus obviously relevant. Defendant has offered no persuasive grounds for excluding the evidence. He argues that Holt's unavailability for cross-examination precludes admission of the evidence, but we find this argument to be without merit. The evidence at issue was not an assertion by Holt and its value did not depend on her credibility; cross-examination by defendant was therefore unnecessary. We hold that admission of the testimony that defendant carried Holt's picture was proper.

■ Finally, defendant contends that the trial court erred in allowing impeachment of Antonio Oats by the suggestion of pending criminal charges against him. He correctly asserts that only convictions, not mere arrests or indictments, may be used to impeach the credibility of a witness. *(People v. Mason* (1963), 28 Ill. 2d 396, 400, 192 N.E.2d 835.) The State answers that an exception to that general rule allows introduction of pending charges when they show bias or a motive to testify falsely. *(Mason,* 28 Ill. 2d at 401.) It claims that the pendency of a criminal charge against Oats would prejudice him against the prosecution and induce him to lie for defendant. We believe that the general antagonism the State attributes to Oats falls short of showing the necessary bias. The pending charges, to be introduced, must give rise to the inference that the

witness has something to gain or lose by his testimony (*People v. Phillips* (1981), 95 Ill. App. 3d 1013, 1020, 420 N.E.2d 837), and we see no advantage that Oats would gain by perjuring himself in this case. Illinois courts have in fact viewed pending charges as establishing a witness' motive to curry favor with the prosecution by testifying falsely on the State's behalf. (See *People v. Triplett* (1985), 108 Ill. 2d 463, 485 N.E.2d 9.) In addition, adopting the State's position here would allow the prosecution to completely circumvent the limitation on the use of pending charges, since every defense witness charged with a crime would presumably share the antiprosecution bias. Since we are not inclined to create such a large exception to the general rule, we hold that antiprosecution antagonism resulting solely from the pendency of criminal charges is insufficient to allow impeachment of a defense witness by introduction of those charges. The trial court erred in allowing such impeachment.

The State claims that the impeachment of Oats, if error, was harmless, because the case against defendant was proved by properly admitted evidence. This claim is unconvincing. If Oats' testimony had been believed by the jury, it would have provided a defense to the February 17 forgery charge. We cannot say that the jury would have found Oats unbelievable in the absence of the improper impeachment or that defendant would have been convicted of the February 17 forgery regardless of Oats' credibility. We therefore cannot say that the improper impeachment was harmless, and we reverse defendant's conviction on count II, the February 17 forgery count. *People v. Fields* (1975), 31 Ill. App. 3d 458, 334 N.E.2d 752.

Oats' testimony, however, dealt only with events alleged to have occurred on February 17 and did not relate to the presentation of the check on February 15. The defense presented no evidence or testimony relating to that count; defense counsel merely stated in opening and closing argument that defendant had not cashed Tommie Davis' paycheck on February 15 and tried to discredit the testimony that suggested defendant's guilt of that offense. Even if defendant received the benefit of Oats' unimpeached testimony that the February 17 check was handed to him, already endorsed, as payment for a debt, the prosecution's proof of the February 15 events stands unexplained and unrebutted. We believe that the improper impeachment of Oats was harmless as to count III, the theft charge. Accordingly, we affirm defendant's conviction and four-year prison sentence for theft. Because we affirm that conviction and sentence, in the interest of judicial economy, we do not order remand for retrial of count II. (See *United States v. Achilli* (7th Cir. 1956), 234

F.2d 797, 808.) This is without prejudice to the State's right to retry defendant on that charge if resolution of that charge becomes material to justice in the future. *United States v. Hausmann* (5th Cir. 1983), 711 F.2d 615, 618.

Affirmed in part; reversed in part.

RIZZI and FREEMAN, JJ., concur.